ALBERT J. O'NEILL v. LEHIGH VALLEY RAILROAD COMPANY OF NEW JERSEY.

Submitted July 5, 1907—Decided November 11, 1907.

A railroad company promulgated a rule for the safety of those working in its yard, which rule contained the following clause: "A blue flag by day and a blue light by night displayed at one or both ends of an engine, car or train, indicates that workmen are under it or about it." *Held,* that this rule required that a flag should be placed at each end of a car when both ends were exposed to the danger of a collision.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PITNEY and REED.

For the plaintiff, *Alexander Simpson.*

For the defendant, *Collins & Corbin.*

The opinion of the court was delivered by

REED, J. The plaintiff on April 1st, 1903, was injured while working for the Pennsylvania railroad, and while repairing a car in the railroad yard at Communipaw, in this state. The yard was used by both the Pennsylvania railroad and the Lehigh Valley railroad. There were seven tracks in the yard, No. 4 being the track used for cars placed there for repair and cars not in use. While the plaintiff was at work fixing a coupling attachment upon a car standing upon track No. 4 the servants of the Lehigh Valley railroad ran two cars in upon track No. 4, struck the car upon which plaintiff was working and crushed his hand. Track No. 4 was open at both ends, so that in the ordinary movement of the cars in the yard this track was reachable from the east as well as from the west. At the time of the accident Mr. Crummenauer, who was working with the plaintiff, had placed a blue flag at the east end of the car upon which they were

working, but no flag was placed at the west end of the car. The flag at the east end was not observable by the operators of a train approaching from the westerly end of the track.

The trial justice charged the jury that the question whether the operators of the Lehigh Valley railroad train which caused the accident were negligent depended upon the construction of a rule formulated by the Lehigh Valley railroad for the protection of their workmen. This rule, known as rule No. 26, read thus: "A blue flag by day and a blue light by night displayed at one or both ends of an engine, car or train, indicates that workmen are under or about it. When thus protected it must not be coupled to or moved. Workmen will display the blue signal and the same workmen are alone authorized to remove them. Other cars must not be placed on the same track so as to intercept the view of the blue signals without first notifying the workmen." The trial justice charged that, if the rule as interpreted by general practice required a flag at each end of a car, the defendant's servants were not at fault. The learned judge, however, was of the opinion that the language of the rule was not explicit respecting the character of the circumstances which required the exposure of two flags. He left the jury to gather from the evidence of former practice in the yard whether the exposure of a single flag had been regarded as in all cases a compliance of the rule. We think, however, there was error in submitting the construction of this rule to the consideration of the jury. It seems to be plain that the rule requires that flags shall be placed at both ends of a car whenever danger may be apprehended from both directions. When one end is exposed but one flag can be of service. Whenever both ends of a car are exposed to danger two flags must be used. A flag cannot indicate to anyone who cannot see it that, in the language of the rule, workmen are under or about a car. A flag placed on the east end indicates nothing to those approaching on the same track from the west. That the flags are to indicate danger implies that they shall be so placed as to be seen by those from whom injury may be apprehended.

We think the rule should be made absolute.